IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

Timothy Pugh,                          )
                                       )   Civil Action No. 7:10-1187-RBH-BHH
                    Plaintiff,         )
                                       )   **REPORT OF MAGISTRATE JUDGE**
         vs.                           )
                                       )
South Carolina Department of           )
Public Safety,                         )
                                       )
                    Defendant.         )
_____    )

        This matter is before the court on the plaintiff's motion to remand the entire matter to

state court. [Doc. 5.]   The plaintiff filed his complaint in state court on April 1, 2010, and it

was removed by the defendant to federal court on May 10, 2010. [Doc. 1.]  The plaintiff

moved to remand the case on May 11, 2010, on the grounds that (1) the defendant's notice

of removal was not timely made; and (2) plaintiff's second cause of action arises under the

South Carolina workers' compensation laws of South Carolina.

        The plaintiff has pled claims for a violation of the Family Medical Leave Act, 29 U.S.C.

§§ 2601, *et seq*.; Workers' Compensation Retaliation, S.C. Code § 41-1-80; breach of

contract; equitable estoppel; and a violation of the South Carolina Wage Payment Statute,

S.C. Dode § 41-10-10 *et seq*.  The plaintiff contends that he had earned approximately eight

months of sick leave.  (Compl. ¶ 19.)  He claims that when he attempted to exercise use of

that leave for health reasons, his employment was terminated.  *Id*. ¶ 21.

## DISCUSSION

        The plaintiff contends that this matter should be remanded to state court for two

reasons.  First, he contends that the defendant's removal was untimely.  Second, he

contends that the Complaint contains a claim arising under the workers' compensation laws

of South Carolina, over which this Court lacks subject matter jurisdiction.  The Court will

address each grounds for remand in turn.

## I.    Timeliness

The parties do not disagree that the defendant had thirty days from receipt of the Complaint in this case, *see* 28 U.S.C. § 1446, and that, as a result, the last day for removal was Saturday, May 8, 2010. [See Doc. 1.] It is also undisputed that the Notice of Removal was not filed until Monday, May 10, 2010. *Id*. The plaintiff contends that the availability of electronic filing in the district court on the weekends, however, renders the defendant's delay, until Monday, inexcusable and the removal untimely.

The Federal Rules of Civil Procedure are plain that in the computation of a time period, "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). This rule applies to computation of the statutory time for removal. *See McKinney v. Board of Trustees of Md. Comm. College,* 955 F.2d 924, 925 n.2 (4th Cir. 1992); *see also Wells v. Gateways Hosp. & Mental Health Ctr.,* 76 F.3d 390 (9th Cir.1996) (using Rule 6(a) to extend removal filing deadline from thirtieth day, which landed on a Sunday, to the following Monday); *Medina v. Wal-Mart Stores, Inc.,* 945 F. Supp. 519, 520 (W.D.N.Y.1996) (thirtieth day after service fell on a Saturday, so the last day defendant could file a notice of removal became the following Monday)*; Bailey v. Traylor*, 1981 WL 380671, at *2 (S.D. W. Va. October 15, 1981).

The Court is unaware of any basis to conclude that the all-day, year-round availability of electronic filing can be said to modify or alter Rule 6(a)(1)(C). To the point, the District of South Carolina's *Electronic Case Filing Policies and Procedures* manual expressly states that "[n]othing in these policies and procedures should be construed to change or extend any deadlines set by statutes of limitations prescribed by law, Federal Rules of Procedure, Local Rules, or orders of the court." *Electronic Case Filing Policies and Procedures District of South Carolina* (D.S.C. May 12, 2006), http://www.scd. uscourts.gov/CMECF/docs/ECFpp.pdf. There has been no binding District or Court of

2

Appeals decision concerning the matter, as far as the Court can tell. In fact, somewhat surprisingly, the Court has found virtually no treatment, in any jurisdiction, regarding the interplay between the computation of deadlines and the perpetual availability of electronic filing in the district courts. The parties have not offered any.

At least one district court has agreed with the above conclusion that where the deadline for removal falls on the weekend, even when electronic filing is otherwise available, the removing party has until the next non-weekend day to file their Notice. *See Rishell v. Standard Life Ins. Co.*, 2009 WL 395884, at *2 n.1 (W.D. Mich. February 13, 2009) ("When a deadline falls on a weekend or holiday, the deadline is moved to the court's next business day. *Malik*, 2009 WL 198710 at *6 (citing Fed. R. Civ. P. 6(a)(3)). Thus, Standard had until midnight on Monday, December 22, 2008 to e-file its notice of removal.")

The plaintiff contends that the defendant has availed himself of the inaccessibility language of subsection (a)(3) of Rule 6, which allows for an adjustment of a deadline from a day on which the clerk's office is "inaccessible" to the first "accessible day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(3). The plaintiff argues that the perpetual availability of electronic filing makes the clerk's office always accessible for purposes of filing a Notice of Removal, even on Saturdays and Sundays.

But Saturdays and Sundays are not excluded from the computation of deadlines because they are days of "inaccessibility" as contemplated by (a)(3). Rather, they are simply excluded days, absolutely, under (a)(1). In other words, the defendant need not appeal to the inaccessibility provision of (a)(3) to avoid having to include the weekend. Subsection (a)(1)(C) already excludes them. As discussed, the Court has no bases to conclude that subsection (a)(1) has been affected by the presence of electronic filing capabilities.

Accordingly, the Court recommends that the filing of the Notice of Removal be found timely, as of May 10, 2010.

**II.    Removability of Workers' Compensation Claim**

The plaintiff next argues that his claim for Workers Compensation Retaliation is not removable pursuant to 28 U.S.C § 1445(c) and, therefore, the entire case should be remanded.  Section 1445(c) makes non-removable any "civil action in any State arising under the workmen's compensation laws of such State . . . ."  28 U.S.C. § 1445(c).

The defendant responds that the retaliation claim does not "arise under" any workers' compensation law and, even if it did, would still be removable pursuant to 28 U.S.C. § 1441(c), for the presence of other removable claims.

The Court would first reject that the retaliation claim could be removed pursuant to Section 1441(c).  That section states, in relevant part, that an action may be removed where "a separate and independent cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable actions."  28 U.S.C. § 1441(c).   The defendant contends that the presence of the plaintiff's properly removable FMLA claim allows the retaliation claim also to be removed.

But, as the statutory language demands, the removable federal claim must be a "separate and independent cause of action."  *Id*.  Here, the plaintiff's two claims of retaliatory discharge allege a single wrong, to wit, his discharge, albeit for two reasons – FMLA and workers' compensation. (Compare Compl. ¶¶ 33-35 with Compl. ¶¶ 38-39.) These claims are not, therefore, "separate and independent" of each other. *See American Fire & Casualty Co. v. Finn, 341 U.S. 6, 10, 13-14 (1951)* ("[W]e conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under s 1441(c).")*; Marshall v. Manville Sales Corp.,* 6 F.3d 229, 233 (4th Cir. 1993) ("Marshall's complaint against both Mason and Manville constitutes a single wrong arising out of the actions taken by Mason. Consequently, there is no 'separate and independent claim or cause of action' within the meaning of the removal statute . . . ."); *In re City of Mobile*, 75 F.3d 605, 608 (11th Cir.1996) ("Where both federal and state causes of actions are asserted as a result of a single wrong

4

based on a common event or transaction, no separate and independent federal claim exists under section 1441(c).").

Additionally, courts have concluded that 1441(c) does not operate to make an otherwise non-removable *workers' compensation* claim removable simply for the presence of a removable claim, like one under the FMLA. *See Humphrey v. Sequentia, Inc.,* 58 F.3d 1238, 1245 (8th Cir.1995) ("If § 1445(c) applies, a case is nonremovable even if it presents a federal question or there is diversity."); *Spearman v. Exxon Coal U.S.A., Inc.*, 16 F.3d 722, 724 (7th Cir. 1994) ("Even a case containing a federal claim may not be removed if it also arises under state workers' compensation law").

The final question, therefore, is whether or not it can be said that the plaintiff's claim for workers' compensation retaliation arises under the workers' compensation laws of South Carolina, such that it should be remanded. It appears that the matter turns largely on whether or not the basis for the retaliation claim is a creature of statute or common law. *See Humphrey v. Sequentia, Inc.,* 58 F.3d 1238, 1245 (8th Cir.1995); *Wiley v. United Parcel Service, Inc.*, 227 F. Supp. 2d 480, (M.D.N.C. 2002).

*Spearman v. Exxon Coal* is the seminal case involving *a judicially created* or *common law* retaliatory discharge action and its relationship to a state's workers' compensation law for removal purposes. *See Spearman, 16 F.3d at 725.* In that case, the Fifth Circuit Court of Appeals concluded that merely because the workers' compensation law underlies the *tort* of retaliatory discharge does not mean the tort "arises under" the states workers' compensation laws. *Id.* at 725. The court mused that a retaliatory discharge claim can be adjudicated without reference to the meaning of the workers' compensation laws because the employer's motive for the adverse action is the main issue in retaliatory discharge claims. *Id*.

In contrast, when the basis for the workers' compensation retaliation claim is based in statute, courts have almost uniformly concluded that such claim does "arise under" the states workers' compensation laws, "even where the two statutes might be located in different chapters of the state's general statutes." *Wiley*, 227 F. Supp. 2d at 485; *see also*

5

*Reed v. Heil Co.*, 206 F.3d 1055, 1058 (11th Cir.2000); *Humphrey, Inc.*, 58 F.3d at 1245;

*Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1091-92 (5th Cir.1991); *Farrior v. Sodexho, USA*, 953 F. Supp. 1301, 1301 (N.D. Ala.1997).

The Eighth Circuit, in *Humphre*y, reasoned as follows:

> Under the plain meaning of the statute [§ 1445(c) ], where a state legislature enacts a provision within its workers' compensation laws and creates a specific right of action, a civil action brought to enforce that right of action is, by definition, a civil action arising under the workers' compensation laws of that state and therefore § 1445(c) applies; under such circumstances, the action would be nonremovable . . . .

*Humphrey*, 58 F.3d at 1246.

Here, the plaintiff has pled a claim pursuant to S.C. Code 41-1-80 [Compl. at 4], a section expressly styled as a prohibition against *workers' compensation* retaliation. Although the Fourth Circuit has apparently not considered it directly, the balance of other circuit courts of appeal has concluded that such a statutory proscription constitutes a claim arising under a state's workers' compensation laws. The Court would follow the careful and complete decision of the Middle District of North Carolina, in *Wiley*, which surveyed the various courts of appeal decisions and concluded that a similarly framed state retaliation statute[1] arose under the workers' compensation laws of North Carolina and, therefore, was not properly subject to removal. In fact, the retaliation statute at issue in *Wiley* provided "broad-based relief for a variety of claims" as opposed to "a private action for workers' compensation claims exclusively," like the South Carolina counterpart at issue here. *Wiley*, 227 F. Supp. 2d at 486. In that sense, the South Carolina statute is even a more "firm fit" with the line of cases involving workers' compensation-specific retaliation statutes, *id.*, including *Humphrey, Inc.*, 58 F.3d at 1245 and *Jones*, 931 F.2d at1091-92, which have found statutorily based workers' compensation retaliation claims to have met the "arise under" requirement.

---

[1] In fact, the retaliation statute at issue in *Wiley* was somewhat broader than the South Carolina statute at issue here, in that it covered other forms of retaliation than just that for an employee who has exercised his or her rights in workers' compensation.

Because the plaintiff's claim pursuant to Section 41-1-80 arises under the workers' compensation laws of South Carolina, it was a nonremovable claim, 28 U.S.C. 1445(c) and must be remanded.

## III.    Remand of Other Claims

But, since the plaintiff's complaint includes both a removable claim and a non-removable claim, the issue remains as to whether the non-removable, workers' compensation retaliation claim, and some or all of the other state law claims, should be severed and remanded from the FMLA claim or the entire case remanded. *See Jackson v. Burke*, 2010 WL 2179115, at *3 (M.D. Fla. June 1, 2010) (involving remand of a non-removable workers' compensation claim). The plaintiff contends that the whole matter must be remanded simply for the state court's concurrent jurisdiction over FMLA claims. But, the co-equal authority of the two jurisdictions does not affect the defendant's statutory right to elect this Court's forum in removal, however. *See* 28 U.S.C. § 1441(a); *In re Mills*, 287 Fed. Appx. 273, 278 (4th Cir.29 July 2008) ("Possessing federal-question jurisdiction, the district court was obliged to exercise it; it had no authority to decline the case simply because it believed that it would be better for the case to proceed in state court.").

The question, therefore, is whether the remaining state court claims should be remanded. The plaintiff's remaining claims are for breach of contract, equitable estoppel, and the South Carolina Wage Payment Statute.

There are varying circumstances under which a district court may remand state law claims over which it could otherwise exercise removal jurisdiction. Such permissive remand may be ordered with respect to certain separate and independent state claims, pursuant to 28 U.S.C. § 1441(c), or to certain claims within the court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(c). *See Martin v. Lott*, 2009 WL 5195960, at *2 (D.S.C. Dec. 21, 2009); *see also Boyce v. Wachovia Securities, LLC*, 2010 WL 1253744, at *4 (E.D.N.C. February 17, 2010). The court will examine permissive remand regarding each claim.

### A. Separate and Independent Claims

As stated, Section 1441(c) permits remand in federal question cases of separate and independent claims in which state law predominates. *See* 28 U.S.C. § 1441(c); *Hinson v. Norwest Financial South Carolina, Inc.*, 239 F.3d 611, 615 (4th Cir.2001); see also *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) ("The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole.").

Like the retaliation claim, the plaintiff's claim for Breach of Contract arises out of the same set of facts as the FMLA and retaliation claims, namely the termination of his employment. (Compare Compl. ¶ 44 with Compl. ¶¶ 33-35, 38-39.) Although the plaintiff has advanced various theories of recovery, the claims are based on the same series of transactions. *See American Fire & Casualty Co., 341 U.S. at 10, 13-14; Marshall,* 6 F.3d at 233. Accordingly, Section 1441(c) provides no basis to remand it.

In contrast, the Court would be inclined to find the plaintiff's South Carolina Wage Payment Statute and Equitable Estoppel claims separate and independent of his retaliation/discharge claims. These two claims relate to his rights in *payment for* sick leave rather than termination because of its use. (See Compl. at 7-8.) Other courts have essentially drawn the same conclusion that a wage based claim was independent of a retaliation one. *See Jackson*, 2010 WL 2179115, at *3 ("Plaintiff's FLSA claim for overtime compensation is "separate and independent" from her retaliation claims.") At the same time, the factual circumstances of all four causes of action are identical: that the plaintiff was allegedly entitled to sick leave; that he was denied the same; and that he suffered damage as a result. (See generally Compl.) There is no separate predicate basis for any of the claims. Again, the plaintiff has simply advanced several theories of recovery for the same series of actions. *See American Fire & Casualty Co., 341 U.S. at 10, 13-14.*

The Court, therefore, cannot conclude that Section 1441(c) would permit it to sever any of the remaining state court claims from this action for purposes of remand to the state court.

### B.     Supplemental Jurisdiction

Likewise, the Court has no basis to decline to exercise supplemental jurisdiction over any of the state law claims.  Section 1367(c) authorizes a district court to decline to exercise supplemental jurisdiction that it otherwise has over a state law claim where "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."  28 U.S.C. § 1367(c).

There is nothing particularly novel or difficult about the state law claims.  It cannot be said that they predominate over the FMLA claim, which itself squarely meets the factual wrongs alleged and would essentially provide complete economic remedy for any wrong committed.  The Court certainly has not dismissed the FMLA claim, which is the jurisdictional basis for the case.  And, no exceptional circumstances are present.  As to these factors, the parties have made no argument to the contrary.

Accordingly, the Court would recommend that the workers' compensation retaliation claim must be remanded to state court but that the remainder of the case would continue here.

## CONCLUSION

Wherefore, based upon the foregoing, it is hereby recommended that the plaintiff's motion to remand [Doc. 5] should be GRANTED in part and DENIED in part. Specifically, the claim for workers' compensation retaliation should be REMANDED to state court. The remainder of the case should proceed in this action.

s/Bruce H. Hendricks
United States Magistrate Judge

August 20, 2010
Greenville, South Carolina