IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Timothy Pugh, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 7:10-cv-01187-JMC |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| South Carolina Department of | ) | |
| Public Safety, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is now before the court upon the Magistrate Judge's Report and Recommendation [Doc. # 10], filed on August 20, 2010, recommending Plaintiff's Motion to Remand [Doc. # 5] be granted in part and denied in part on the basis that Plaintiff's Complaint states a removable cause of action under the Family and Medical Leave Act, but also states a cause of action under the South Carolina worker's compensation laws which is not removable. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation without a recitation.

STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court

may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

Plaintiff Timothy Pugh ("Plaintiff") brought suit against Defendant South Carolina Department of Public Safety ("Defendant") in the Court of Common Pleas for Florence County, South Carolina alleging a violation of the Family and Medical Leave Act, 29 U.S.C. §§ 2601 (1993), *et seq.*; Workers' Compensation Retaliation, S.C. Code Ann. § 41-1-80 (Supp. 2008); breach of contract; equitable estoppel; and a violation of the South Carolina Wage Payment Act, S.C. Code Ann. § 41-10-10 (Supp. 2009), *et seq.* Plaintiff contends that Defendant wrongfully terminated his employment and denied him use of earned sick leave when he requested leave for health reasons.

After receiving the Magistrate Judge's Report and Recommendation, Plaintiff timely filed objections. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Plaintiff has failed to "specifically" object to the Report and Recommendation, but has merely restated the arguments presented to the Magistrate Judge in support of his Motion to Remand. The court has reviewed the record in this case and understands Plaintiff's argument against the Magistrate Judge's recommendation to sever the matter and remand only the claim directly related to state worker's compensation laws. The Report and

Recommendation thoroughly addresses Plaintiff's argument and the court finds no error of law in

the recommended disposition of the motion.  Therefore, after extensive review of the Magistrate

Judge's Report and Recommendation and the record in this case, the court adopts the Magistrate

Judge's Report and Recommendation and incorporates it herein.

It is therefore **ORDERED** that Plaintiff's Motion to Remand [Doc. # 5] is **GRANTED IN PART**

**AND DENIED IN PART**.  Plaintiff's claim for workers' compensation retaliation is remanded to state

court. The remainder of the case shall proceed in this action.

**IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Judge

February 9, 2011
Greenville, South Carolina